**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4984**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

HORACE SINCLAIR THOMPSON, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:13-cr-00290-GBL-1)

Submitted:  July 25, 2014        Decided:  July 31, 2014

Before GREGORY, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John O. Iweanoge, II, THE IWEANOGE'S FIRM, P.C., Washington, D.C., for Appellant.  Dana J. Boente, United States Attorney, Michael E. Rich, G. Zachary Terwilliger, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Horace Sinclair Thompson, Jr., was convicted of arson, in violation of 18 U.S.C. §§ 2, 844(i) (2012). On appeal, Thompson challenges the sufficiency of the evidence supporting his conviction and the district court's admission of certain evidence. We affirm.

The denial of a motion for a judgment of acquittal is reviewed de novo. United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011). "We review the sufficiency of the evidence to support a conviction by determining whether there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." Id. (quoting United States v. Madrigal-Valadez, 561 F.3d 370, 374 (4th Cir. 2009)) (internal quotation marks omitted). In conducting this analysis, "circumstantial evidence is treated no differently than direct evidence, and may be sufficient to support a guilty verdict even though it does not exclude every reasonable hypothesis consistent with innocence." United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir. 1989). We can reverse a conviction based on insufficient evidence only when "the prosecution's failure is clear." Burks v. United States, 437 U.S. 1, 17 (1978).

To support a conviction for arson under 18 U.S.C. § 844(i), the government must prove that the defendant: "(1)

2

maliciously; (2) damaged or destroyed a building, vehicle, or other real or personal property; (3) by means of fire or explosive; and (4) the building, vehicle, or personal or real property was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." United States v. Gullett, 75 F.3d 941, 947 (4th Cir. 1996). Thompson challenges only the evidence of malicious intent.

After viewing the evidence as a whole and in the light most favorable to the government, we conclude that there was sufficient evidence to support the jury's verdict. The evidence that the damaged business was failing financially, that Thompson communicated frequently with the building's owner on the night before the fire, and that he lied to police about his burns, as well as the manner in which the fire was started, entitled the jury to conclude that Thompson set the fire intentionally.

Thompson also challenges the district court's admission of evidence regarding the financial condition of the damaged business and the owner's insurance claims after the fire. We review the district court's rulings regarding the admissibility of evidence for abuse of discretion. United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011). A district court abuses its discretion when it acts arbitrarily, see id., or applies "erroneous legal principles to the case," United States v. Mason, 52 F.3d 1286, 1290 (4th Cir. 1995).

3

The challenged evidence was relevant to proving Thompson's motive, and raised no prejudice beyond that which was inherent in the charges against him. See United States v. Boyd, 53 F.3d 631, 637 (4th Cir. 1995) (holding that evidence is not unfairly prejudicial if it does not "involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged"). Therefore, the district court did not abuse its discretion by admitting this evidence.[*]

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[*] Thompson also asserts that the challenged evidence was inadmissible under Federal Rule of Evidence 404(b). Rule 404(b) is inapplicable because the district court admitted the evidence under Rule 401, not under Rule 404(b)(2), and the challenged evidence was not character evidence under Rule 404(b)(1).

4